UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Williams, | ) C/A No. 9:12-1537-JMC-BM |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Mildred Rivera, Warden FCI Estill, | ) |
| Respondent. | ) |

The instant Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, has been submitted to this Court by Petitioner, a federal prisoner in the Bureau of Prison's Federal Correctional Institution Estill ("FCI Estill") in Estill, South Carolina, who is proceeding *pro se*. Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not



entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Here, after careful review and consideration of the materials submitted, the undersigned finds for the reasons set forth hereinbelow that the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

In this Petition, Petitioner challenges the validity of his June 28, 1991 convictions and sentences in the United States District Court for the Northern District of Florida (Gainesville Division) for conspiracy to possess with intent to distribute cocaine base (in violation of 21 U.S.C. § 846) and possession of cocaine base with intent to distribute (in violation of 21 U.S.C. § 841), for which Petitioner received two concurrent life imprisonment sentences. The undersigned takes judicial notice that Petitioner has filed a previous § 2241 habeas action in this Court. *Williams v. Gal*, C/A No. 0:01-cv-2819-MBS-BM (D.S.C. 2001). In C/A No. 01-2819, this Court determined that Petitioner had appealed his convictions to the Eleventh Circuit Court of Appeals, which affirmed the convictions, and that Petitioner thereafter filed a § 2255 motion to vacate, set aside or correct his sentence, which the district court denied. Petitioner's previous § 2241 Petition in C/A No. 01-2819 was dismissed without prejudice and without issuance and service of process upon the

2



respondent, because Petitioner's claims failed to establish his entitlement to seek relief in this Court pursuant to § 2241.[1]

Petitioner now asserts an "actual innocence" claim, pursuant to *DePierre v. United States*, U.S., 131 S.Ct. 2225 (2011), a case which Petitioner alleges is retroactively applicable to cases on collateral review. Petitioner also alleges that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, and that the instant Petition is not a second or successive § 2241 petition or § 2255 motion, because Petitioner's claims could not have been raised at the time he filed his initial § 2255 motion as his claim was not ripe and was foreclosed by circuit precedent. Petitioner contends that this defect was not removed until *DePierre*, which interpreted and clarified a statute, *i.e.* 21 U.S.C. § 841(b), and that there was no need for Petitioner to seek permission from the Eleventh Circuit before filing the instant habeas petition because, in light of *DePierre*, Petitioner was convicted of a nonexistent offense and/or his sentence exceeds the statutory maximum.[2] Petitioner's arguments are without merit.

---

[1] *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court has the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[2] A second or successive § 2255 petition is prohibited unless the second or successive petition is certified as provided in § 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).



On June 9, 2011, the United States Supreme Court issued its opinion in *DePierre*, holding that Congress' use of the term "cocaine base" in 21 U.S.C. § 841(b)(1), refers to BOTH a chemical compound that is "cocaine in its chemically basic form" AND crack cocaine. The prisoner in *DePierre* had argued that "cocaine base" only meant "crack cocaine", and that because his trial court refused to so instruct his jury, he was improperly convicted and sentenced under that statute. Petitioner now comes to this Court with the instant Petition filed under 28 U.S.C. § 2241,[3] asserting that *De Pierre* requires vacation of his drug convictions and sentences because "the District Court erred when it interpreted which type of cocaine base was involved in Mr. Williams' case [because] [t]his was a job for the jury," and "no jury found beyond a reasonable doubt that Mr. Williams distributed a substance containing the molecule $C_{17}H_{21}NO_4$." Petition, ECF No. 7, p. 7, 10. Petitioner asserts that the *DePierre* case represents the kind of change in substantive law which makes Petitioner actually innocent and allows Petitioner to raise the issue through the instant § 2241 Petition. However, Petitioner's *DePierre*-based claim is an attack on the underlying validity of his federal convictions and sentences. It is not an attack on the manner of execution of his sentence, which is the more commonly raised type of claim under § 2241. *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Claims challenging the underlying validity of a federal conviction and/or sentence are appropriately raised by a federal prisoner in the district court in which the prisoner was convicted and sentenced, by way of a motion to vacate pursuant to 28 U.S.C. § 2255. *Id.; see also Rice v.*

---

[3]Section 2241 states, in pertinent part, that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States. § 2241(a)(c)(3).

4



*Rivera*, 617 F.3d 802, 805 (4th Cir. 2010) (citing *In re Vial*). However, as Petitioner has already pursued an unsuccessful § 2255 motion in the United States District Court for the Northern District of Florida where he was sentenced, *see* Petition, ECF No. 1, p. 5, he may not file a second § 2255 motion unless he satisfies the gate-keeping provisions of § 2255(h) and obtains permission from the Eleventh Circuit Court of Appeals via an order authorizing the sentencing court to consider a second or successive § 2255 motion. *See* note 2, supra; see also 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h). There is no evidence that Petitioner has obtained such permission, and Petitioner's assertion that he does not need to seek the permission of the Eleventh Circuit to file a second or successive § 2255 motion is without merit.[4]

Concededly, if a federal prisoner can satisfy the "savings clause" of § 2255,[5] s/he may pursue relief through a § 2241 habeas petition, as Petitioner is attempting to do here. *See San-Miguel v. Dove*, 291 F.3d 257, 260–61 (4th Cir. 2002); *In re Jones*, 226 F.3d at 333. However, to trigger the "savings clause" of § 2255(e) and proceed under § 2241, the petitioner would have to

---

[4] Although Petitioner alleges that the § 2255 remedy is inadequate or ineffective to test the legality of his detention, it is well-settled in this circuit that the possibility that a § 2255 motion filed by a petitioner in the sentencing court might be rejected on the merits or found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In Re Vial*, 115 F.3d at 1194 n.5.

[5] The savings clause states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

5



show that something more should be considered by this Court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d at 333-34. The test provided in *Jones* requires that (1) at the time of the conviction, settled law of the United States Court of Appeals for the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the petitioner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. *Id.*

Petitioner's claim under *DePierre* does not satisfy the *In re Jones* test. Unlike a case such as *Bailey v. United States*, 516 U.S. 137 (1995), which by statutory interpretation narrowed the scope of conduct proscribed by the statute of conviction, the United States Supreme Court in *DePierre* expressly refused to limit the scope of Section 841(b)(1) to "crack" cocaine, instead reaffirming its broad application to all forms of "cocaine base." *DePierre*, 131 S. Ct. at 2232. Thus, unlike *Bailey*, the *DePierre* decision did not create a new class of prisoners who "found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a new statutory interpretation, rather than a new retroactive rule of constitutional law." *Lott v. Davis*, 105 F. App'x 13, 15 (6th Cir. 2004). Because "the *DePierre* decision did not de-criminalize the conduct for which he was convicted [a petitioner cannot] satisf[y] the requirements of § 2255's savings clause." *Biggins v. Haynes*, No. CV212-024, 2012 U.S. Dist. LEXIS 83635, 2012 WL 2254588, at *3 (S.D. Ga. May 8, 2012). "*DePierre* did not identify any newly recognized right, rather it clarified existing law. Moreover, the Supreme Court has not made *DePierre* retroactive on collateral review." *United States v. Johnson*, CR No. 3:95-488-JFA, 2013

6



WL 932630 (D.S.C. Mar. 13, 2013); *Robinson v. United States*, C/A No. 9:12-2924-JFA-BM, 2012 WL 6803690, adopted by 2013 WL 85164 (D.S.C. Jan. 8, 2013); *United States v. Crump*, No. 7:06-CR-00007-1, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012), appeal dismissed by, 474 F. App'x 241 (4th Cir. June 22, 2012). The three federal courts of appeal to have reached this issue have each held that claims based on *DePierre* are not cognizable in habeas petitions filed under § 2241. *See Yates v. Bledsoe*, No. 12-2143, 2012 WL 4857779 at * 3 (3d Cir. 2012); *Wilson v. United States*, 475 F. App'x 530 (5th Cir. 2012); *Fields v. Warden, FCC Coleman-USP 1*, 484 F. App'x 425 (11th Cir. 2012); *see also Claiborne v. O'Brien*, No. 1:12CV38, 2012 WL 4737260 (N.D.W.Va. June 29, 2012), adopted by 2012 WL 4673141 (N.D.W. Va. Oct. 3, 2012) (*DePierre* claim not proper for § 2241 under *In re Jones* analysis); *United States v. Drew*, No. 3:05-cr-70, 2012 WL 2069667 (N.D.W. Va. April 16, 2012) (*DePierre* is not retroactively applicable to cases on collateral review), adopted by 2012 WL 2069657 (N.D.W.Va. June 8, 2012); *United States v. Crump*, 2012 WL 604140, at *2 (same).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice. Petitioner's attention is directed to the important notice on the next page.

April 9, 2013  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

7



**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

