# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Richard Williams, ) | |
| ) | Civil Action No. 9:12-cv-01537-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Mildred Rivera, Warden, FCI Estill ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Richard Williams ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his sentence of two concurrent life terms for convictions of possession of cocaine base with intent to distribute and conspiracy to possess cocaine base. (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling. On April 9, 2013, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss the Petition. (ECF No. 23.) This review considers Petitioner's Objection to the Magistrate Report and Recommendations ("Objections"), filed June 12, 2013. (ECF No. 33.) For the reasons set forth herein, the court **ACCEPTS** the conclusions of the Magistrate Judge's Report, although for distinct reasons. The court thereby **DISMISSES** the Petition (ECF No. 1).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 23.) The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

1

A jury in the Northern District of Florida convicted Petitioner of conspiracy to possess cocaine base with intent to distribute and possession of cocaine base with intent to distribute, and in July 1991, Petitioner received a sentence of two concurrent life terms. (ECF No. 1 at 2-3, 11.) Petitioner appealed his conviction to the United States Court of Appeals for the Eleventh Circuit, which affirmed his conviction. (*Id.* at 4.) Petitioner also filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255, which the Northern District of Florida denied. (*Id.* at 5.) In addition, Petitioner previously filed a Petition pursuant to 28 U.S.C. § 2241, which was denied by this court. (*See Williams v. Gal,* Civil Action No. 0:01-cv-02819-MBS, ECF No. 7, Feb. 6, 2003.[1])

Petitioner filed this Petition pursuant to § 2241 on June 11, 2012, challenging his sentence and asserting that under *DePierre v. United States,* 131 S. Ct. 2225 (2011), he is now "actually innocent" of the circumstances that enhanced his sentence. (ECF No. 1.) On April 9, 2013, the Magistrate Judge issued the Report, recommending the court summarily dismiss the Petition. (ECF No. 23.) In the Report, the Magistrate Judge found that Petitioner's claim under *DePierre* did not satisfy the three-part test outlined by the Fourth Circuit in *In re Jones,* 226 F.3d 328 (4th Cir. 2000). (*Id.* at 6.) *In re Jones* found that a Petitioner may seek relief under § 2241 under the savings clause of § 2255 on claims for which § 2255 is inadequate to test the legality of a conviction if, "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping

---

[1] The court may take judicial notice of its own files and records. *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1246, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"); *see also Aloe Creme Lab., Inc. v. Francine Co.,* 425 F.2d 1296, 1296 (5th Cir. 1970).

provisions of § 2255 because the new rule is not one of constitutional law." 226 F.3d at 333-34. The Magistrate Judge found that because the *DePierre* court declined to limit the scope of 21 U.S.C. § 841 to only "crack cocaine," but found it applied to all forms of "cocaine base," including "crack cocaine," "the *DePierre* decision did not create a new class of prisoners who 'found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a new statutory interpretation, rather than a new retroactive rule of constitutional law." (ECF No. 23 at 6 (citing *Lott v. Davis,* 105 Fed. App'x 13, 15 (6th Cir. 2004).)

Petitioner timely filed his Objections on June 12, 2013. (ECF No. 33.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005)

3

(quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

In his Petition, Petitioner challenges only his sentence,[2] asserting *DePierre* has signaled a change in law that would make him actually innocent of the circumstances that resulted in a sentencing enhancement to two concurrent life sentences.  (*See* ECF No. 1 at 1, 11-13.) Although a Petition filed pursuant to § 2241 is available if a petitioner can satisfy the requirements of the savings clause of § 2255 as outlined in *In re Jones*, that option is limited to challenges to the underlying conviction, not those challenges only to sentence.  "Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."  *United States v. Poole,* 531 F.3d 263, 267 n.7 (4th Cir. 2008) (noting the language of *In re Jones* addressed the use of a § 2241 Petition in instances in which § 2255 is inadequate to test the legality of a *conviction,* but does not mention challenging the

---

[2] The Magistrate Judge stated, "Petitioner challenges the validity of his June 28, 1991 convictions and sentences."  (ECF No. 23 at 2.)  However, the court notes that Petitioner only indicated on his Petition that he is challenging his sentence, but did not indicate he is challenging his conviction. (ECF No. 1 at 1.)  Petitioner seeks only for his case "[t]o be remanded & *resentenced* under powder cocaine."  (*Id.* at 9 (emphasis added).)

4

legality of a *sentence*). Indeed, the United States Court of Appeals for the Fourth Circuit again declined to extend the savings clause to challenges to a sentence in 2011, citing to *Poole* and noting "the only case from a sister circuit [the Eleventh Circuit] holding to the contrary has been vacated." *Darden v. Stephens,* 426 Fed. App'x 173, 174 (4th Cir. 2011) (unpublished). In a rehearing *en banc* on the case referenced by the Fourth Circuit, the Eleventh Circuit has since come into line with other circuits on this issue: "[e]very circuit to decide this issue has reached the same conclusion we do: the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h). Not one circuit has held to the contrary." *Gilbert v. United States,* 640 F.3d 1293, 1312 (11th Cir. 2011). As such, Petitioner cannot use the savings clause to bring this § 2241 Petition challenging his sentence.

Petitioner offers numerous objections, with accompanying citations, to the Magistrate Judge's findings. (*See* ECF No. 33; *see also* ECF Nos. 34, 36.) However, none of these objections can defeat the bar against challenging a sentence through the vehicle of a § 2241 Petition under the savings clause, and thus the court declines to address them.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the ultimate conclusions of the Magistrate Judge's Report (ECF No. 23). It is therefore ordered that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 11, 2015
Columbia, South Carolina